ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| MUNICIPIO AUTÓNOMO DE SAN JUAN,<br><br>Apelada,<br><br>v.<br><br>**CARMEN TORRES PARRA** h/n/c RESTAURANTE IRIS, y FULANO DE TAL, cada uno por sí y en representación de la sociedad legal de gananciales compuesta por CARMEN TORRES PARRA y FULANO DE TAL; DEMANDADOS A, B, C,<br><br>Apelante. | KLAN202400105 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan.<br><br>Civil núm.: SJ2023CV09444.<br><br>Sobre: *injunction,* Art. 14.1, Ley Núm.161-2009. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente

SENTENCIA

En San Juan, Puerto Rico, a 4 de abril de 2024.

La Sra. Carmen Torres Parra (señora Torres Parra o apelante) instó este recurso de apelación el 7 de febrero de 2024. Nos solicita que revoquemos la *Sentencia* emitida y notificada el 8 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante esta, el foro primario declaró con lugar la *Demanda* que presentó el Municipio Autónomo de San Juan (Municipio de San Juan o Municipio). En consecuencia, ordenó la revocación del permiso concedido a la señora Torres Parra para operar el Restaurante Iris.

Evaluados los sendos escritos de las partes comparecientes, resolvemos **confirmar** la sentencia apelada.

Número identificador

SEN2024_____

I

El 6 de octubre de 2023, el Municipio de San Juan presentó una demanda de *injunction*[1] en contra de la señora Torres Parra y fulano de tal. Alegó que, el 4 de marzo de 2013, la Oficina de Permisos del Municipio de San Juan (Oficina de Permisos) había expedido el permiso de uso núm. OP-010411, para la operación del Restaurante Iris[2], con venta de bebidas alcohólicas al detal y con recreación comercial simple (es decir, un billar, tres máquinas de entretenimiento y una vellonera).

Arguyó que, contrario al permiso de uso expedido, el 17 de diciembre de 2021, y el 10 de junio de 2023, la apelante operaba el restaurante como una barra y con música en vivo. En ambas fechas, se expidieron multas administrativas.

Más adelante, allá para el 24 de julio de 2023, la Oficina de Permisos expidió un permiso único (conversión) a favor de la señora Torres Parra, haciendo negocios como Restaurante Iris. Conforme alegara en su demanda, la Oficina de Permisos señaló que la información provista en la solicitud de conversión del permiso era falsa e incorrecta, dado que se utilizó como subterfugio para operar una barra con música en vivo. Además, adujo que la apelante había continuado operando el restaurante en violación al permiso de uso, por lo que, el 12 de agosto de 2023, se le expidió una multa administrativa.

A la luz de sus alegaciones, el Municipio solicitó la revocación del permiso único y, en la alternativa, que el tribunal emitiese un *injunction* permanente en el cual se ordenase el cese y desista de la operación de la barra y música en vivo del Restaurante Iris.

El 12 de octubre de 2023, el foro primario emitió una *Orden y Citación*[3] en la cual señaló la vista para el 16 de noviembre de 2023, a las

---

[1] *Véase*, apéndice del recurso, a las págs. 245-252. La acción interdictal fue instada al amparo del Art. 14.1 de la Ley Núm. 161-2009, según enmendada, intitulada *Ley para la reforma del proceso de permisos de Puerto Rico*, 23 LPRA sec. 9024.

[2] El Restaurante Iris ubica en la Ave. Eduardo Conde Núm. 2005, Esq. Calle del Valle, Sector Villa Palmeras, Santurce, Puerto Rico.

[3] *Véase*, apéndice del recurso, a las págs. 227-229.

2:00 pm, mediante videoconferencia. A su vez, advirtió a la señora Torres Parra que tenía derecho a confrontar las alegaciones y la prueba en su contra, y a estar representada por abogado. No obstante, indicó que podía comparecer por derecho propio y presentar cualquier moción relacionada a la controversia.

Conforme le fuese ordenado, el 25 de octubre de 2023, el Municipio presentó una *Moción*[4] en la cual acreditó que, el 13 de octubre de 2023, había diligenciado la citación en la persona de la apelante.

Durante la vista que se celebró el 16 de noviembre de 2023[5], el juez que presidía la sala apuntó que eran las 2:05 pm y la señora Torres Parra no había comparecido a la vista, por tanto, le anotó la rebeldía. Sin embargo, la apelante logró comparecer mediante llamada telefónica a las 2:25 pm y solicitó le permitieran solicitar el permiso correspondiente y continuar la operación del restaurante. Por su parte, el Municipio presentó el testimonio del inspector Jan González Santiago, funcionario de la Oficina de Permisos. Como prueba documental, presentó el expediente de la querella y el permiso único.

El 8 de diciembre de 2023, el foro primario emitió y notificó su *Sentencia*[6], y declaró con lugar la demanda. En consecuencia, ordenó la revocación del permiso de uso concedido a la apelante. Asimismo, realizó las siguientes determinaciones de hechos:

1. El Municipio Autónomo de San Juan, es el ente político y jurídico designado para velar por el cumplimiento de las disposiciones de la Ley Número 161 de 1 de diciembre de 2009, según enmendada por la Ley Núm. 151, de 10 de diciembre de 2013, y por la Ley 19 de 4 de abril de 2017, el Código Municipal de Puerto Rico, Núm. 107 de 14 de agosto de 2020 y el Convenio de Transferencias suscrito entre el Municipio, la Junta de Planificación y la Administración de Reglamentos y Permisos, hoy Oficina de Gerencia de Permisos (OGPe) ("Convenio de Transferencias"), así como para instar las correspondientes querellas y denuncias por infracción a las Leyes y Reglamentos de Planificación de Puerto Rico, todo ello exclusivamente para la demarcación territorial de San Juan, Puerto Rico.

---

[4] *Véase*, apéndice del recurso, a las págs. 218-226.

[5] *Véase*, minuta de la vista, a las págs. 42-43 del apéndice del recurso.

[6] *Apéndice del recurso*, a las págs. 36-41.

2.  El MASJ, a través de su Oficina de Permisos, otorgó a Carmen Torres Parra, bajo el número 120P-06650PU-SA, Permiso Único PU-231468 para operar un restaurante con venta de bebidas alcohólicas al detal, un billar, una vellonera, tres máquinas de entrenamiento [*sic*] para adultos y venta de cigarrillos.

3.  El MASJ ha intervenido en múltiples ocasiones en el negocio de la Sra. Torres Parra por estar operándolo en violación a lo autorizado en el Permiso concedido.

4.  El Sr. Jan González Santiago es Inspector de Elemento Urbano de la Oficina de Permiso del MASJ y a [*sic*] participado en las intervenciones efectuadas al Restaurante Iris.

5.  El MASJ ha intervenido, en altas horas de la noche, en 3 ocasiones con el Restaurante Iris por violaciones al permiso expedido, por lo cual se le han expedido varias multas todas ellas por operar el negocio como barra con música en vivo.

6.  El 17 de diciembre de 2021 se intervino con el negocio por operar una barra con música en vivo en violación al permiso de uso concedido, por lo que se le expidió la correspondiente multa administrativa.

7.  Nuevamente, el 10 de junio de 2023 a las 12:10 am, el MASJ intervino con el negocio por continuar operando una barra con música en vivo en violación al permiso de uso concedido, por lo que se le expidió la correspondiente multa administrativa.

8.  El 24 de julio de 2023, la Oficina de Permisos del MASJ expidió un Permiso Único (Conversión) en el caso 2021-366723-PU-231468, para la operación en el Predio de un "Restaurante con venta de bebidas alcohólicas al detal, un (1) billar, una (1) vellonera, tres (3) máquinas de entretenimiento para adultos y venta de cigarrillos", a nombre de la Sra. Torres Parra.

9.  Entre el 11 y 12 de agosto de 2023, a la 1:00 am, el MASJ intervino con el negocio Restaurante Iris, por continuar operando una barra con música en vivo en violación al permiso de uso concedido, por lo que se le expidió la correspondiente multa administrativa.

10. La prueba presentada demuestra que la parte demandada ha hecho caso omiso a las intervenciones del MASJ, muy a pesar de las múltiples multas expedidas por la misma conducta. Se ha mantenido operando en violación a los Reglamentos de uso aplicables operando el negocio al margen de lo establecido en el Permiso concedido por el MASJ.

11. La información provista por la demandada para obtener el permiso de uso y operar un restaurante con venta de bebidas alcohólicas y otras amenidades fue falsa, pues se trató de un subterfugio para operar una barra con música en vivo hasta altas horas de la madrugada, lo que quedó demostrado mediante el testimonio del Inspector

González Santiago, así como los exhibits admitidos en evidencia.

12. La Sra. Torres Parra se limitó a expresar que desconocía que no podía tener música en vivo.

A la luz de sus determinaciones de hechos, el foro primario concluyó que no existía prueba alguna que demostrase que el Municipio había autorizado un permiso de uso distinto para la operación que llevaba a cabo la señora Torres Parra en el restaurante. En específico, concluyó que la apelante operó el restaurante como una barra con música en vivo y que dicho uso no estaba autorizado en el permiso de uso otorgado. Además, determinó que, a pesar de las múltiples intervenciones y las multas expedidas, la señora Torres Parra continuó operando el restaurante en violación al permiso único, las leyes y los reglamentos aplicables.

De igual forma, el foro primario concluyó que la señora Torres Parra certificó a la Oficina de Permisos un uso no autorizado para la calificación en que ubicaba su negocio. En virtud de lo anterior, coligió que la información provista por la apelante para obtener el permiso de uso y operar un restaurante fue falsa, toda vez que se trató de un subterfugio para operar una barra con música en vivo. Por último, destacó que las multas que expidió el Municipio no sirvieron como disuasivo para que la apelante cesara y desistiera de los usos no autorizados. Por el contrario, afirmó que esta continuó operando su restaurante en violación a la ley y en contravención a las condiciones generales del permiso único.

Posteriormente, el 26 de diciembre de 2023, la señora Torres Parra compareció por conducto de abogado y solicitó la reconsideración de la sentencia[7]. En síntesis, argumentó que por más de quince (15) años el Restaurante Iris había sido la única fuente de ingreso de la apelante. Sostuvo que la apelante tenía un alto compromiso social con las personas sin hogar, dado que había prestado su restaurante para realizar obras benéficas. Además, aclaró que el permiso no fue solicitado con información falsa o incorrecta para poder operar una barra con música en vivo. No

---

[7] *Véase*, apéndice del recurso, a las págs. 10-14.

obstante, indicó que, ante la mala situación económica, optó por extender el horario del restaurante con música en vivo. Por último, adujo que había cumplido con las multas administrativas impuestas y que había solicitado la modificación del permiso para operar su restaurante con música en vivo. En virtud de lo anterior, solicitó la reconsideración de la *Sentencia*. En la alternativa, solicitó se expidiera el *injunction* permanente y se ordenase el cese y desista; ello, so pena de la revocación del permiso de uso que estaba vigente[8].

Por su parte, el 3 de enero de 2024, el Municipio de San Juan presentó su *Oposición a solicitud de reconsideración*[9]. Señaló que la moción de reconsideración no apuntaba la comisión de algún error en la apreciación de la prueba o la determinación del derecho aplicable. Enfatizó que la señora Torres Parra apeló a la justicia y equidad, por lo que no procedía enmendar la determinación del foro primario.

El 5 de enero de 2024, el foro primario emitió una *Resolución*[10], que se notificó el 8 de enero de 2024, en la cual declaró sin lugar la reconsideración.

Inconforme, la apelante instó este recurso de apelación el 7 de febrero de 2024. En él, señaló la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al no permitirle a la apelante contratar representación legal para proteger sus intereses propietarios al despojarla de su sustento como pequeña comerciante.

> Erró el Tribunal de Primera Instancia al no permitirle a la apelante a solicitar el permiso de música en vivo y revocar el permiso por esa razón, siendo un castigo desproporcional a la falta administrativa.

(Énfasis omitido).

El 12 de marzo de 2024, el Municipio de San Juan presentó su alegato en oposición.

---

[8] La apelante acompañó dicha moción con un recibo de pago de una multa de la Oficina de Finanzas Municipales, por la cantidad de $400.00, con fecha de 27 de noviembre de 2023. Además, incluyó evidencia de la solicitud del permiso núm. 2023-512308-PU-246014, con fecha de octubre de 2023.

[9] *Véase*, apéndice del recurso, a las págs. 2-4.

[10] *Íd.*, a la pág. 1.

Examinados los escritos de las partes litigantes, y la sentencia dictada por el foro primario, resolvemos.

II

A

El Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA, establece que, en todos los procesos criminales, el acusado disfrutará del derecho a tener asistencia de abogado, entre otras garantías. Distinto al ámbito criminal, en la esfera civil no se reconoce el derecho de asistencia de abogado a los litigantes. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 670 (2000). "Esto es, ni siquiera existe un derecho a tener representación legal durante un pleito civil". *Íd.*

B

La Ley Núm. 161 de 1 de diciembre de 2009, según enmendada, intitulada *Ley para la Reforma del Proceso de Permisos de Puerto Rico* (Ley Núm. 161-2009), 23 LPRA sec. 9011, *et seq.*, se promulgó a los fines de establecer el marco legal y administrativo que regirá la solicitud, evaluación, concesión y denegatoria de permisos por el Gobierno de Puerto Rico, y para crear la Oficina de Gerencia de Permisos, entre otros. En lo pertinente a la controversia ante nuestra consideración, el Art. 14.1 de la Ley Núm. 161-2009 dispone que,

> La Junta de Planificación, así como cualquier Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o una persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de *injunction*, *mandamus*, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; **3) la paralización de un uso no autorizado**; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.

23 LPRA sec. 9024. (Énfasis nuestro).

A su vez, el Art. 14.8(a) establece que,

(a) Si de la investigación realizada se concluye que las alegaciones de la querella son ciertas, la Junta de Planificación, el Municipio Autónomo o la Entidad Gubernamental Concernida, según corresponda, procederá a expedir una **multa administrativa**. De entenderlo procedente, instará los recursos judiciales ante el Tribunal de Primera Instancia para lograr la **revocación de un permiso** o la paralización de una construcción o uso no autorizado o la demolición de las obras, según corresponda. La facultad de imponer multas administrativas que se le otorga a la Junta de Planificación no sustituye ni menoscaba la facultad de cualquier entidad gubernamental concernida de iniciar cualquier procedimiento judicial, ya fuera civil o criminal, que sea aplicable en virtud de las leyes orgánicas de las entidades gubernamentales concernidas.

23 LPRA sec. 9024g(a). (Énfasis suplido).

C

Es norma reiterada que, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, los tribunales apelativos no debemos intervenir con la apreciación de la prueba de los tribunales de primera instancia. *Rodríguez v. Urban Brands*, 167 DPR 509, 522 (2006). Al definir lo que constituye pasión, perjuicio o parcialidad, el Tribunal Supremo ha expresado que:

Incurre en "pasión, prejuicio o parcialidad" aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.

*Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

La deferencia hacia el foro primario responde a que es el juez sentenciador el que tiene la oportunidad de recibir y apreciar toda la prueba testifical presentada, de escuchar la declaración de los testigos y evaluar su comportamiento. *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 67 (2009).

Sin embargo, la doctrina de deferencia judicial no es de carácter absoluto; se podrá intervenir "cuando la apreciación de la prueba no representare el balance más racional, justiciero y jurídico de la totalidad de la prueba". *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011).

También, se exceptúan de la regla de deferencia las determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos estamos en idéntica posición que el tribunal inferior al examinar ese tipo de prueba. *González Hernández v. González Hernández*, 181 DPR, a la pág. 777.

III

En cuanto al primer señalamiento de error, la señora Torres Parra plantea que el foro primario debió conceder un término razonable para contratar representación legal, toda vez que el Municipio de San Juan instó la demanda con el fin de despojarla de un derecho adquirido; es decir, el permiso de uso. Por su parte, el Municipio argumenta que, el 13 de octubre de 2023, se apercibió a la apelante de la citación a la vista y de su derecho a comparecer representada por abogado. Razona que la apelante tuvo tiempo suficiente para contratar representación legal.

Conforme al derecho expuesto, en la esfera civil no se reconoce el derecho de asistencia de abogado a los litigantes. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 670 (2000). "Esto es, ni siquiera existe un derecho a tener representación legal durante un pleito civil". *Íd.*

Surge del expediente ante nuestra consideración que, el 12 de octubre de 2023, el foro primario emitió una orden y citación, en la cual señaló vista para el 16 de noviembre de 2023, a las 2:00 pm. A su vez, advirtió a la señora Torres Parra que tenía derecho a confrontar las alegaciones y la prueba en su contra, y a estar representada por abogado. No obstante, indicó que también podía comparecer por derecho propio y presentar cualquier moción relacionada a la controversia.

De igual forma, el 25 de octubre de 2023, el Municipio presentó una moción, en la cual acreditó que había diligenciado personalmente el emplazamiento y la orden y citación el 13 de octubre de 2023.

Así pues, concluimos que no le asiste razón a la apelante. Cabe precisar que, a partir del diligenciamiento de la notificación de la vista, hasta el día en que esta se celebró, transcurrió un mes. Por tanto, determinamos

que a la señora Torres Parra se le concedió la oportunidad y tuvo tiempo suficiente para comparecer a la vista representada por abogado. Por último, aclaramos que no existe un derecho a tener representación legal durante un pleito civil, por lo que no era obligatorio que el juez le asignara uno de oficio a la apelante.

En el segundo señalamiento de error, la apelante aduce que siempre utilizó el permiso para los fines que se le autorizó. A su vez, reitera que pagó todas las multas administrativas y que había solicitado la modificación del permiso de uso, para así poder operar el Restaurante Iris como una barra con música en vivo. En desacuerdo, la apelada alega que uno de los mecanismos menos onerosos por incumplimiento con el permiso de uso son las multas administrativas y que la apelante recibió tres (3) multas previo a la revocación del permiso. Por ello, indicó que la conducta reiterada de la señora Torres Parra había provocado la revocación del permiso.

El expediente ante nuestra consideración refleja que, el 17 de diciembre de 2021, el 10 de junio de 2023, y el 12 de agosto de 2023, la apelante operaba el Restaurante Iris como una barra y con música en vivo, en violación al permiso de uso y sin contar con los permisos correspondientes, por lo que el Municipio expidió varias multas administrativas.

Según el precitado derecho, si de la investigación realizada se concluye que las alegaciones de la querella son ciertas, el Municipio o la entidad gubernamental concernida, procederá a expedir una multa administrativa. De entenderlo procedente, solicitará la revocación de un permiso. 23 LPRA sec. 9024g.

Nótese que la señora Torres Parra fue advertida en más de una ocasión sobre el incumplimiento con el permiso y como resultado de ello el Municipio de San Juan le impuso varias multas administrativas. Además, resaltamos que las multas se expidieron entre el 2021 y el 2023, por lo que la apelante tuvo amplia oportunidad de desistir de operar una barra con

música en vivo o solicitar la modificación del permiso de uso. No lo hizo. Así pues, concluimos que la revocación del permiso de uso, ante el reiterado incumplimiento de la apelante, no se traduce en un castigo desproporcionado.

Adicionalmente, concluimos que el foro primario basó su determinación en la evidencia documental admitida en la vista y en la prueba testifical recibida durante el juicio. Por tanto, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, no intervendremos con la apreciación de la prueba del foro primario.

IV

Por los fundamentos antes expuestos, confirmamos la *Sentencia* emitida y notificada el 8 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones